Tully *v.* Fairly.

---

## TULLY *v.* FAIRLY.

REPLEVIN.—*Conditional Sale.*—A. delivered to B., under a written contract of sale, a horse, the consideration therefor being the assignment and transfer by the latter to the former of a promissory note made by C. to B. and secured by a mortgage of real estate executed by the maker to the payee; and it was stipulated that the sale was conditional, and that the title to the horse should remain in A., unless C. should be found to be solvent and responsible, and unless A. should be able to collect the note by due process of law; but if C. was solvent and responsible and there was no legal defence to the note, then the property in the horse should

vest absolutely in B. The horse was afterwards sold and delivered by B. to D., a *bona fide* purchaser for value. Action by A. against D., after demand, to recover possession of the horse, wherein it was shown that C. had not, at the time of the sale or afterwards, any property out of which the amount of the note could be made, except the real estate so mortgaged to secure it; but it did not appear that process of law had been resorted to for the purpose of collecting the note, or that the land mortgaged was not sufficient, or that there was any defect in C.'s title thereto, or that there was any defence to the note.

*Held*, that the plaintiff was not entitled to recover possession of the horse from the defendant.

From the Marion Superior Court.

*C. Byfield* and *D. Howe*, for appellant.

WORDEN, J.—Action of replevin for a horse, by the appellant against the appellee. Issue, trial by the court, special finding and judgment for the defendant at special term, and judgment affirmed at general term.

The special finding is as follows, viz.:

"This cause having been submitted to the court for trial and finding without the intervention of a jury, and the evidence having been heard, the court, being fully advised in the premises, at the request of the plaintiff, makes the following special finding of facts and conclusions of law thereon:

"1. That on the 31st day of July, 1872, the plaintiff, Charles H. Tully, was the owner of the horse described in the complaint, and on said day he bargained and delivered said horse to one Jesse G. Davis, under and by virtue of the following instrument of writing: 'This agreement made between Harvey Tully, of Johnson county, State of Illinois, and Jesse G. Davis, of Fayette county, State of Illinois, witnesseth, that said Tully has this day sold and delivered to said Davis a certain black stallion, called Legal Tender, Junior, upon the following condition precedent: that whereas, in consideration of said sale, said Davis has assigned and transferred to said Tully a certain note for the sum of one thousand dollars, executed December 27th, 1870, by Charles W. Stewart, and payable to said Jesse G. Davis, two years after the date thereof, with interest thereon at the rate of ten

per centum, said note being secured by mortgage of even date therewith, executed by said Charles W. Stewart, upon certain real estate in Fayette county, in the State of Illinois; now, therefore, it is agreed that the sale of said stallion by said Tully to said Davis shall be conditional, and the property and title in and to said stallion shall remain in said Tully, unless the said Charles W. Stewart shall be found to be solvent and responsible, and unless the said Tully shall be able to collect said note by due process of law. But if said Stewart is solvent and responsible, and there are no legal set-offs or defences to said note, then the property in said stallion shall be and vest absolutely in said Davis.

"'Witness our hands and seals, this 31st day of July, 1872.                                     'J. G. DAVIS.
                                                'C. H. TULLY.'

"2. That the note mentioned in said agreement, assigned and delivered to said Charles H. Tully by the said Jesse G. Davis, by endorsement in writing, was for the sum of one thousand dollars, with ten per cent. interest from date, and dated Vandalia, Illinois, December 27th, 1870, and payable two years after date to the said Jesse G. Davis, or order, and made by one Charles W. Stewart; that the payment of said note was secured by a mortgage, of the same date, made and acknowledged by the said Stewart, the maker of said note, by which mortgage the said Stewart conveyed to the said Davis the following described real estate, viz.: all the north half of the southeast quarter of section nineteen, in township six north, of range three east of third principal meridian, in the county of Fayette, and State of Illinois — eighty acres; which mortgage was duly recorded in the proper office in Fayette county, Illinois, on the 27th day of December, 1870, and reads as follows:" (Here follows the mortgage, but this opinion need not be extended by setting it out.)

"3. That afterwards, about the 10th day of August, 1872, the said Jesse G. Davis, being in possession of said horse, sold the same to the defendant, John P. Fairly, for value, the said defendant purchasing said horse in good faith,

believing the horse to be the property of said Davis, and not having notice of the title by which said Davis held said horse.

" 4. That Charles W. Stewart, the maker of the note mentioned in the agreement, is now, and was at the time of the transfer of said note to the plaintiff, insolvent, and there was not then, nor has there been since that time, any property, money or effects belonging to said Stewart, out of which the amount of said note, or any part thereof, could have been made, except the real estate mortgaged to secure the payment of the same, and the only testimony in any way touching said real estate, the ownership or value thereof, is the mortgage set out in special finding number two, and a paper purporting to be an abstract of title of said real estate, which was delivered by the said Davis to the plaintiff, which said abstract is in the words and figures following:" (This abstract is omitted in this opinion.)

" 5. That said plaintiff has never instituted any suit, or caused to be issued any process or other proceedings at law, to collect said note, or to foreclose the mortgage given to secure the payment of said note.

" 6. That the plaintiff demanded of the defendant the possession of the horse in controversy, before the commencement of this suit, and that said horse is of the value of two hundred and fifty dollars.

" 7. As conclusions of law, arising on the foregoing facts, the court finds that no excuse or reason appears, or is shown, why the mortgage given by Stewart to secure the payment of his promissory note has not been foreclosed; nor does it appear that a suit to collect the note and foreclose the mortgage would be unavailing and useless, nor that there was or is any defence to the same.

"And the court further finds, as a conclusion of law, that the plaintiff is not entitled to recover of the defendant the possession of the horse, and that the defendant is entitled to have and retain the possession of said horse.

                                        "SOLOMON BLAIR, Judge."

To each of which said conclusions of law and to the decision of the court thereon, the plaintiff, at the time, in open court, severally and specifically excepted.

The correctness of the conclusions of law is questioned here. It will be observed that the judge, in stating his conclusions of law, did not profess to determine the ultimate title to the horse, but only that the plaintiff was not entitled to recover possession, and that the defendant was entitled to retain possession. This conclusion was, in our opinion, correct. The horse was delivered by the plaintiff to Davis under the contract set out, and it was clearly contemplated that he should retain possession until it should be ascertained that the condition precedent to the vesting of the absolute title in him was not or could not be performed. By the terms of the contract, the title of the horse was to remain in Tully, "unless the said Charles W. Stewart shall be found to be solvent and responsible, and unless the said Tully shall be able to collect said note by due process of law."

Before the plaintiff could recover back the possession of the horse, it devolved upon him to show that Stewart was not solvent and responsible, or that he, Tully, could not collect the note by due process of law. The court found that Stewart had no other property except the land mortgaged, but, for aught that appears, that was ample for the payment of the note. If that was sufficient, and the title good, Stewart was not insolvent or irresponsible. The abstract of title set out shows an apparently good title traced from the government down to Stewart. As the finding does not show that the land mortgaged is not sufficient to pay the debt, or that there was any defect in Stewart's title to the mortgaged premises or defence to the note, and as "process of law" has not been resorted to for collection, it is clear that the plaintiff is not in a condition to demand the repossession of the horse. At present, matters stand in substantially the same situation as when the plaintiff conditionally sold and delivered the horse to Davis. If it should be shown hereafter that Stewart was not solvent and responsible, or that

the plaintiff should not be able to collect the note by due process of law, the latter will, doubtless, be entitled to the possession.

If the judgment rendered in the case goes beyond what was authorized by the finding, and determines the ultimate title to the horse to be in the defendant, it was, perhaps, a clerical error; but no question in that respect is made here.

We cannot reverse the judgment on the evidence, as that sustains the finding.

The judgment below is affirmed, with costs.